EASTERN RAILROAD IN N. H. *v.* PORTSMOUTH & a.

A railroad is not liable to contribute to the expense of maintaining gates at highway crossings upon the track of another railroad in which it has no right or interest except a right acquired under the statute to use the track at a fixed compensation.

PETITION, for the examination of the Vaughan Street railroad crossing in Portsmouth, under Gen. Laws, c. 161, s. 5.

*J. S. H. Frink*, for the plaintiffs.

*W. R. Foster*, for the city of Portsmouth.

*W. Hackett & W. H. Hackett*, for the Concord & Portsmouth Railroad.

*J. W. Fellows*, for the Concord Railroad.

CARPENTER, J. The plaintiffs have three tracks at the crossing; the Concord Railroad have none. Under the act of June 25, 1859 (Laws 1859, c. 2284), the Concord & Portsmouth Railroad acquired " the right with their cars and engines to enter upon and use" a portion of the plaintiffs' tracks, including the tracks at the point in question, subject to the provisions of the acts of July 10, 1855, and July 12, 1856 (Laws 1855, c. 1666, Laws 1856, c. 1847), under which the compensation to be paid by the Concord & Portsmouth Railroad to the plaintiffs for the use of that part of

their railroad was fixed at five cents for every ton of merchandise transported over it. The Concord Railroad have succeeded to all the rights of the Concord & Portsmouth Railroad. The court held that the Concord Railroad were not liable to contribute to the expense of gates at the crossing, and the plaintiffs excepted.

"Any town . . . may by vote require the proprietors of any railroad to secure the crossing of any highway by said railroad, by a bridge, or a pass under said way, or by gates on both sides of said railroad." Gen. Laws, *c.* 171, *s.* 3.

The Concord Railroad are neither the owners nor the lessees of the railroad tracks in question. They are under no obligation, and have no power, to maintain them. Their right to use them is a statutory easement. They are not "proprietors" of the railroad at the crossing, as that term is defined by the statute, Gen. Laws, *c.* 159, *s.* 1. The obligation of the plaintiffs to build bridges over, make passes under, or to maintain gates at highway crossings, is a matter proper to be considered in fixing the compensation for the use of their track. If the present compensation will be insufficient in case the plaintiffs are required to maintain gates at this crossing, it may, upon proper proceedings under the statute, be increased. G. L., *c.* 164; *Railroad* v. *Railroad,* 47 N. H. 108.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.